UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-15 |
| v. | ) | |
| | ) | |
| JUAN ALBERTO ROBLES ZAVALA, | ) | (PHILLIPS / SHIRLEY) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 29, 2015, for a motion hearing on the Defendant's Motion to Dismiss the Indictment [Doc. 26], filed on April 9, 2015. Assistant United States Attorney Jennifer Kolman appeared on behalf of the Government, along with Extern Karissa Hazard. Attorney Mike Whalen represented the Defendant, who was also present and participated with the aid of an interpreter.

At the conclusion of the hearing, Mr. Whalen acknowledged that the May 19 trial date would have to be continued in order to give the Court time to rule on the Defendant's motion. Mr. Whalen stated that he had explained this to the Defendant. The Government did not object to a trial continuance. Both parties agreed to a new trial date of September 1, 2015, and that all the time between the motion hearing and the new trial date was excludable time under the Speedy Trial Act.

1

The Court finds the Defendant's oral motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that a continuance is necessary in order to complete the litigation of the Defendant's dispositive motion. See 18 U.S.C. § 3161(h)(1)(D). The Court took evidence and heard argument on this motion at the April 29 hearing. The Court now needs time, not to exceed thirty days, to prepare a report and recommendation on the motion to dismiss. See 18 U.S.C. § 3161(h)(1)(H). Following the entry of the report and recommendation, the parties will need time to file objections and respond to objections. Thereafter, the District Judge will need time to rule on the Motion to Dismiss the Indictment in light of this Court's report and any objections thereto. See 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare for trial after receiving a ruling on the motion. The Court finds that all of this could not take place before the May 19 trial date or in less than four months. The failure to grant a continuance would deprive Defendant Robles Zavala of the time to secure a ruling on the pending motion and to prepare for trial in light of that ruling. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Thus, the Defendant's oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **September 1, 2015**. The Court also finds, and the parties agree, that all the time between the April 29 motion hearing and the new trial date of September 1, 2015, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling, the deadline for concluding plea negotiations is extended to **July 31, 2015**. The Court instructs the

parties that all motions *in limine* must be filed no later than **August 17, 2015**. Special requests for jury instructions shall be submitted to the District Court no later than **August 21, 2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **September 1, 2015**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **April 29, 2015** hearing, and the new trial date of **September 1, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for concluding plea negotiations is **July 31, 2015**;

(5) Motions *in limine* must be filed no later than **August 17, 2015**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **August 21, 2015**.

**IT IS SO ORDERED.**

ENTER:

_____s/ C. Clifford Shirley, Jr._____
United States Magistrate Judge